UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:09-cv-00786-PAB

SECURITIES AND EXCHANGE COMMISSION,

                Plaintiff,

v.

MARKET STREET ADVISORS,
SHAWN R. MERRIMAN,
LLC-1,
LLC-2,
MARQUE LLC-3, and
LLC-4,

                Defendants,

and

IMPRESSIONS EVERLASTING,

                Relief Defendant.

---

## ORDER FOR PRELIMINARY INJUNCTION, ASSET FREEZE, AND OTHER EQUITABLE RELIEF

---

This Matter comes before the Court on a Stipulated Motion of the parties for entry of a Preliminary Injunction, Asset Freeze and Other Equitable Relief.

1.      Plaintiff, U.S. Securities and Exchange Commission ("SEC"), filed a Complaint [Doc. # 1] and Motion for a Temporary Restraining Order [Doc. # 2] with supporting Memorandum and Declarations [Doc.# 3] pursuant to Section 20(b) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. §77(t)(b)], Section 21(d) of the Exchange Act of 1934 ("Exchange Act") [15 U.S.C. §78u(d)(1)], and Section 209(c) and (d) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §80b-9(c) and (d)], seeking a

temporary restraining order: a) enjoining defendants Market Street Advisors, Shawn R. Merriman, LLC-1, LLC-2, Marque LLC-3, and LLC-4, (collectively "the Defendants") from violating the antifraud provisions of Section 17(a) of the Securities Act, Section 10(b) of the Exchange Act and Rule 10b-5 promulgated thereunder, and Sections 206(1), (2) and (4) of the Advisers Act and Rule 206(4)-8 promulgated thereunder; b) freezing the assets of the Defendants and relief defendant Impressions Everlasting ("the Relief Defendant"), except for assets covered by forfeiture orders issued by a Court; c) requiring the Defendants and Relief Defendant to provide an accounting of investors' funds and all of the Defendants' and the Relief Defendant's other assets; d) ordering expedited discovery; and e) prohibiting the Defendants and the Relief Defendant from destroying or altering any documents ("Motion").

2.       On March 18, 2009, Shawn Merriman, through his attorney, voluntarily disclosed to the United States Attorney's Office for the District of Colorado the existence of a Ponzi scheme he was operating under the name Market Street Advisors, LLC-1, LLC-2, Marque LLC-3, and LLC-4.  Merriman disclosed that he had been operating a Ponzi scheme since 1994, and that approximately 38 investors and/or investment groups put a total of $17-$20 million into his investment scheme from 1994 to 2009.  Merriman stated that approximately $7 million in proceeds remained in his possession, mostly in an art collection and classic cars.

3.       Merriman has cooperated with the United States Postal Inspector's office to provide an inventory of his possessions.  As a result of this cooperation, the United States through the United States Attorney's Office for the District of Colorado, filed a Verified Complaint for Forfeiture IN REM, on April 2, 2009.  See, United States of

2

<u>America v. Various Pieces of Old Masters Fine Art</u>, Civil Action No. 09-cv-00753-MSK. The Court entered an Order for Warrant for Arrest of Property In Rem, on April 3, 2009. The United States Marshall Service and the United States Attorney's Office commenced execution of the warrant on April 7, 2009, and over the next three days removed an extensive array of Mr. Merriman's personal property.

4. The parties have reached a stipulation on the form of a Preliminary Injunction, subject to the parties' right to seek a modification of the order by motion of either party after further discovery and actions by the parties as set forth herein.

5. The Court has considered the Complaint in this matter, the Motion for Temporary Restraining Order, the accompanying memorandum together with the Declarations of Jeffrey R. Thomas and Robert C. Barnett (collectively "Motion") and attachments thereto.

6. The Court has jurisdiction over the subject matter of this action. The parties have stipulated to the following provisions for a preliminary injunction.

NOW, THEREFORE,

**I.**

IT IS HEREBY ORDERED that, pending further order of the Court or a trial on the merits, the Defendants, and their agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise are restrained and enjoined from, directly or indirectly, in the offer or sale of any security by the use of any means or instruments of transportation, or communication in interstate commerce or by the use of the mails: (1) employing any device, scheme, or artifice to defraud; or (2) obtaining money or property by means of any untrue statement of a material fact or any omission to state a material

fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser in violation of 17(a) of the Securities Act [15 U.S.C. 77q(a)].

## II.

IT IS HEREBY ORDERED that, pending further order of the Court or a trial on the merits, the Defendants, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order by personal service or otherwise, and each of them, are enjoined and restrained from directly or indirectly, by the use of any means or instrumentality of interstate commerce, or of the mails or of any facility of any national securities exchange in connection with the purchase or sale of any security: (1) employing any device, scheme, or artifice to defraud; (2) making any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or (3) engaging in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person in violation of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. 240.10b-5].

## III.

IT IS HEREBY ORDERED that, pending further order of the Court or a trial on the merits, the Defendants, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys-in-fact, and those persons acting in active concert or participation with them who receive notice of this Order by personal service or otherwise,

and each of them, are enjoined and restrained from violating Sections 206(1), (2) and (4) of the Investment Advisers Act of 1940 [15 U.S.C. §§ 80b-6(1) and (2)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8] by, in connection with business as an investment adviser, by use of the mails or means or instrumentalities of interstate commerce, directly or indirectly, employing devices, schemes or artifices to defraud clients and prospective clients; or engaging in transactions, practices or courses of business which operate or as a fraud or deceit upon clients or prospective clients.

## IV.

IT IS HEREBY ORDERED THAT, pending further order of the Court or a trial on the merits:

    A.    The assets of the Defendants and the Relief Defendant, and all assets which are derived from any investor funds obtained by or on behalf of the Defendants in connection with the programs alleged in the SEC's Complaint or which are traceable to or can reasonably be shown to be derived from the conduct alleged in the Complaint, wherever located, are frozen, except to the extent such assets have been or may be forfeited or sold pursuant to action commenced by, or under the direction of, the United States Attorney's Office for the District of Colorado ("USAO"), or by the provisions of this Order. The Defendants and the Relief Defendant, and their officers, directors, subsidiaries, affiliates, agents, servants, employees, attorneys in fact, and those persons in active concert or participation with them who receive notice of this order by personal service or otherwise, and each of them, shall hold and retain within their control, and otherwise prevent any disposition, transfer, pledge, encumbrance, assignment, dissipation, concealment, or other disposal whatsoever of any of funds or other assets or things of value presently held by them, under their control or over which they exercise actual or apparent

investment or other authority, in whatever form such assets may presently exist and wherever located;

  B. Any bank, financial or brokerage institution or other person or entity holding any funds, securities or other assets in the name of, for the benefit of, or under the direct or indirect control of the Defendants and the Relief Defendant, or assets which are derived from any investor funds obtained by or on behalf of the Defendants in connection with the programs alleged in the SEC's Complaint or which are traceable to or can reasonably be shown to be derived from the conduct alleged in the Complaint, shall hold and retain within their control, and prohibit the withdrawal, removal, transfer or other disposal of any such funds or other assets, except to the extent such assets have been or may be forfeited pursuant to action commenced by the United States Attorney's Office ("USAO").

  C. The asset freeze provisions of this order shall not apply to personal items which have been specifically authorized for sale by the USAO. Prior to selling any such items, Merriman will provide a description of the items to the USAO and the SEC. The proceeds of such sales will be deposited into a special account maintained by Merriman's counsel. From this account, Merriman and/or his wife will be entitled to payment of reasonable living expenses, not to exceed $3,000 per month, for a period of three months commencing with the date of this Order. All claimed living expenses shall be reported monthly to the Court. Any funds remaining in the account in excess of these monthly expenses shall be used to repay the victims of the Ponzi scheme.

  D. The asset freeze provisions of this Order shall not apply to: (1) assets owned individually by Andrea Merriman, Merriman's wife, prior to 1994; (2) assets

received by Andrea Merriman or any of her children as gifts other than gifts from Shawn Merriman or gifts purchased with funds derived from or traceable to the activities alleged in the Complaint;  (3) household items, including furnishings, clothing and toys taken by Andrea Merriman,  provided that an inventory of furniture to be taken by Andrea Merriman will be provided to both the USAO and the SEC for their approval prior to her moving to Utah; (4) any and all checking or savings accounts that are held solely in the name of  Andrea Merriman and that do not contain any funds derived from or traceable to the activities alleged in the Complaint; and (5) a checking account with Chase that contains approximately $2,000, which will be deposited in the account discussed in paragraph C.

E.    This Order shall not prohibit the continued use by Andrea Merriman or her children of two vehicles, consisting of a 2004 Lexus LX470 and a 2006 Mini Cooper-S, provided that such vehicles are kept in good working condition and that insurance coverage on such vehicles is maintained by Andrea Merriman.  The parties have agreed that these vehicles may be forfeited or sold with the approval and oversight of the USAO.

F.    The asset freeze provisions of this Order do not apply to the use of funds currently held in trust by Merriman's counsel, which are not derived from activities alleged in the Complaint, for the payment of reasonable attorney's fees.  If necessary, Merriman may petition the Court for the release of additional funds for future legal fees.

V.

IT IS FURTHER ORDERED THAT the Defendants and the Relief Defendant, and each of their successor corporations, subsidiaries, and affiliates, shall surrender within 5 business days of the service of this Order to the U.S. Postal Inspector or the USAO all

Case 1:09-cv-00786-PAB   Document 11   Filed 04/20/09   USDC Colorado   Page 8 of 10

records, other than those documents already seized by the United States, which are necessary to permit an accounting of:

    A.    All investors in Market Street Advisors, LLC-1, LLC-2, Marque LLC-3, and LLC-4, listing the name, address, and all other contact information for each investor; the amount of funds invested by each investor and date(s) said fund(s) were received; the amount of any commissions or other compensation paid to any sales representatives, and date of payment; the amount of funds paid to each investor and date(s) of those payment(s); and the amount of other funds returned to each investor and the date of those payments;

    B.    All assets held anywhere in the names of, or for the benefit of, the Defendants or the Relief Defendant, or their respective subsidiaries or affiliates, whether held jointly or severally, directly or indirectly, stating a description and location of such assets and their approximate value;

    C.    Each account, including safe deposit boxes, with any bank, financial institution or brokerage firm, maintained in the names of any of the Defendants or the Relief Defendant, or over which they have direct or indirect control or beneficial interest or have had any direct or indirect control or beneficial interest since January 1, 1994; and

    D.    Every transaction in which the direct or indirect ownership, direction and control of any funds obtained from investors have been transferred since January 1, 1994 to or from the Defendants or the Relief Defendant.

**VI.**

IT IS FURTHER ORDERED THAT the Defendants and the Relief Defendant, and each of their successor corporations, subsidiaries, and affiliates, shall within 5 business days of the service of this Order, surrender to the U.S. Postal Inspector or the USAO copies of all records, other than those documents already seized by the United States, relating to accounts at any financial institutions into which proceeds raised by or on behalf of the Defendants in

connection with the programs alleged in the SEC's Complaint have been transferred since January 1, 1994.

## VII.

IT IS FURTHER ORDERED that, pending further order of the Court or a trial on the merits, the Defendants and the Relief Defendant, and their officers, directors, successor corporations, subsidiaries and affiliates, agents, servants, employees, attorneys-in-fact, and those persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, and each of them, are hereby restrained from destroying, mutilating, concealing, altering, or disposing of any document referring or relating in any manner to any transactions described in the SEC's complaint in this action, or to any communications between or among any of the Defendants or the Relief Defendant.  As used in this order, "document" means the original and all non-identical copies (whether non-identical because of handwritten notation or otherwise) of all written or graphic matter, however produced, and any other tangible record, or electronic data compilation capable of reproduction in tangible form, including, without limitation, computer data, e-mail messages, correspondence, memoranda, minutes, telephone records, reports, studies, telexes, diaries, calendar entries, contracts, letters of agreement, and including any and all existing drafts of all documents.

## VIII.

IT IS FURTHER ORDERED that discovery can commence twenty (20) days after entry of this order.

**IX.**

It is further ordered that the Court shall retain jurisdiction of this matter for all purposes.

SO ORDERED, this 20th day of April 2009

                                                _s/Philip A. Brimmer_____
                                                United States District Court Judge