IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 09-cv-00786-PAB

SECURITIES AND EXCHANGE COMMISSION,

    Plaintiff,

v.

MARKET STREET ADVISORS,
SHAWN R. MERRIMAN,
LLC-1,
LLC-2,
MARQUE LLC-3, and
LLC-4,

    Defendants,

and

IMPRESSIONS EVERLASTING,

    Relief Defendant.
_____

# ORDER
_____

This matter is before the Court on the Unopposed Motion for Entry of Final Judgment as to Defendant Shawn R. Merriman [Docket No. 23] filed by plaintiff Securities and Exchange Commission ("SEC"). The SEC filed a complaint and defendant Shawn R. Merriman entered a general appearance; consented to the Court's jurisdiction over defendant and the subject matter of this action; consented to entry of final judgment without admitting or denying the allegations of the complaint (except as to jurisdiction); waived findings of fact and conclusions of law; and waived any right to appeal from the final judgment. It is

**ORDERED** that the Unopposed Motion for Entry of Final Judgment as to Defendant Shawn R. Merriman [Docket No. 23] is GRANTED. It is further

**ORDERED** that defendant and defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the final judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Section 10(b) of the Securities Exchange Act of 1934 [15 U.S.C. § 78j(b)] and Rule 10b-5 promulgated thereunder [17 C.F.R. § 240.10b-5], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange, in connection with the purchase or sale of any security:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to make any untrue statement of a material fact or to omit to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any act, practice, or course of business which operates or would operate as a fraud or deceit upon any person. It is further

**ORDERED** that defendant and defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the final judgment by personal service or otherwise are permanently restrained and enjoined from violating Section 17(a) of the Securities Act of 1933 [15 U.S.C. § 77q(a)] in the offer or sale of any security by the use of any means or instruments of transportation or communication in interstate commerce or by use of the

mails, directly or indirectly:

    (a)    to employ any device, scheme, or artifice to defraud;

    (b)    to obtain money or property by means of any untrue statement of a material fact or any omission of a material fact necessary in order to make the statements made, in light of the circumstances under which they were made, not misleading; or

    (c)    to engage in any transaction, practice, or course of business which operates or would operate as a fraud or deceit upon the purchaser.  It is further

**ORDERED** that defendant and defendant's agents, servants, employees, attorneys, and all persons in active concert or participation with them who receive actual notice of the final judgment by personal service or otherwise are permanently restrained and enjoined from violating, directly or indirectly, Sections 206(1), (2) and (4) of the Advisers Act of 1940 [15 U.S.C. § 80b-6(1), (2), and (4)] and Rule 206(4)-8 promulgated thereunder [17 C.F.R. § 275.206(4)-8], by using any means or instrumentality of interstate commerce, or of the mails, or of any facility of any national securities exchange:

    (a)    to employ any device, scheme, or artifice to defraud any client or prospective client;

    (b)    to engage in any transaction, practice, or course of business which operates as a fraud or deceit upon any client or prospective client; or

    (c)    to engage in any act, practice, or course of business which is fraudulent, deceptive, or manipulative.  It is further

**ORDERED** that defendant is liable for disgorgement of $20,124,183.13

representing profits gained as a result of the conduct alleged in the Complaint, which is deemed satisfied by the order of restitution and forfeiture in the judgment entered on September 14, 2010 in the related criminal case (*United States v. Merriman*, Case No. 09-cr-00369-MSK-01, D. Colo., Document No. 65).  As agreed to by the parties, the Court is not imposing a civil penalty in this case in light of the criminal sanctions ordered in the related criminal case against defendant.  It is further

**ORDERED** that the Consent [Docket No. 23-1 at 1-5] is incorporated herein with the same force and effect as if fully set forth herein, and that defendant shall comply with all of the undertakings and agreements set forth therein.  It is further

**ORDERED** that this Court shall retain jurisdiction of this matter for the purposes of enforcing the terms of this final judgment.  It is further

**ORDERED** that judgment shall enter in accordance with the foregoing.


DATED December 8, 2011.

BY THE COURT:

s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge